**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ANDREW J. CHAN, SB# 302526
E-Mail: Andrew.Chan@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

Attorneys for Defendant FITON INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JENNIFER ENDRES, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FITON INC,<br><br>Defendant. | Case No. 2:24-CV-01589-FMO-PD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 18, 2024<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin<br><br>Action Filed: February 27, 2024<br>Trial Date: None Set |

TO THE COURT, PLAINTIFF, AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 18, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fernando M. Olguin of this Court, located at 350 West 1st Street, 6th Floor, Courtroom 6D, Los Angeles, CA 90012, Defendant FitOn Inc. ("Defendant" or "FitOn") will and hereby does move to dismiss Plaintiff Jennifer Endres' Class Action Complaint (D.E. 1) pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to plausibly allege a Video Privacy Protection Act violation for unlawful disclosure of personally identifiable information.

Accordingly, FitOn respectfully requests an Order: (1) dismissing the Class

Action Complaint; and (2) granting such other relief as is just and appropriate.

This motion is based on this notice of motion and motion to dismiss, the memorandum of points and authorities filed herewith, the declaration of Christopher H. Wood, all pleadings, papers, and records on file herein, and such other and further evidence and argument as the Court deems just and proper.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place by telephone on June 6, 2024.

DATED: June 19, 2024

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/ Andrew J. Chan*
ANDREW J. CHAN
Attorneys for Defendant FITON INC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Jennifer Endres ("Plaintiff") has failed to plausibly allege a Video Privacy Protection Act ("VPPA") violation. While Plaintiff avers FitOn Inc. ("FitOn") has unlawfully disclosed the identity of specific FitOn users and specific video content requested or obtained by those users when using FitOn's website and app, the information disclosed, as captured by Plaintiff in screenshots of FitOn's website/app and reproduced in her Complaint, indicate no such unlawful disclosure when assessed using the Ninth Circuit's "ordinary person" standard. The screenshots reveal the disclosures consist of rows of symbols and alphanumeric strings that do not "readily permit" an ordinary person to decipher their meaning.

And even if an ordinary person could understand the information, Plaintiff's allegations contravene her contention the information can be used to uncover the identity of specific FitOn users. For the contention to be plausible, *inter alia*, all FitOn users must have Meta accounts and must not have restricted access to their Meta profiles. None of these facts are alleged; they cannot be proven.

### II. COMPLAINT FACTUAL ALLEGATIONS[1]

FitOn operates an online fitness community through a website (fitonapp.com) and a mobile app (D.E. 1, ¶¶ 2, 22, 25). FitOn subscribers and users can access fitness and wellness videos through the website and app ("FitOn Platform") (*id.* ¶¶ 2, 23).

Plaintiff paid for a FitOn subscription during portions of 2023 (*id.* ¶ 14). During that period, Plaintiff had a Meta/Facebook account and watched video on the FitOn Platform while logged into her Meta account (*id.* ¶ 14).

FitOn placed Meta Pixel onto its website (*id.* ¶ 72). Meta Pixel gathers information about website activity, transmitting information such as the "URL of each

[1] For purposes of this motion only, the complaint allegations are taken as true, subject to exceptions stated herein.



LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

page visited …" (*id.* ¶¶ 60-61). "Meta also automatically collects Pixel-specific Data, which includes the Pixel ID and cookie" (*id.* ¶ 62) (quotation omitted). Through the cookie (i.e., "c_user" cookie), and solely for website users who are "Meta account holders," Meta tracks a user's Meta ID (i.e., a number Meta assigns to each Meta account holder) (*id.* ¶¶ 63-64). Thus, Meta uses Meta Pixel to transmit and gather data about Meta account holder activity on websites or apps using Meta Pixel (*id.* ¶¶ 68, 70-71). Meta Pixel data is transmitted in strings of symbols and alphanumeric characters (e.g., "datr=DYMuZazktLp8o8oAT9P4cxi8") associated with request "headers" (e.g., "Accept-Encoding" "path" "Sec-Ch-Ua") (*id.* ¶¶ 61, 76-77).

According to Plaintiff, an "ordinary person" given Meta Pixel data can determine the identity of a Meta Account holder / FitOn user while on FitOn (via Facebook ID transmitted by Meta Pixel), and videos the user has requested or watched (via FitOn URL and other data transmitted by Meta Pixel) (*id.* ¶¶ 74-81).

## III. LEGAL STANDARD

This Court is well familiar with the 12(b)(6) standard.

> A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do(.)" Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("(T)he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted). However, "(s)pecific facts are not necessary; the (complaint) need only give the defendant(s) fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (internal quotation marks omitted); Twombly, 550 U.S. at 555 (explaining that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations").
>
> In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, <u>Erickson</u>, 551 U.S. at 93-94, construe the pleading in the

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

> light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

*Green Apple Event Co. v. Liberty Mut. Grp., Inc.*, 2022 U.S. Dist. LEXIS 12794, *1-3 (C.D. Cal. Jan. 24, 2022) (Olguin, J.).

In assessing a motion to dismiss, a Court may apply the "incorporation by reference" doctrine, “which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the (plaintiff's) pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## IV. ARGUMENT

Plaintiff’s screenshots of the FitOn Platform and her other Complaint allegations illustrate Plaintiff has not sufficiently alleged FitOn “disclosed” personally-identifiable information (“PII”) of Plaintiff or the putative class in violation of the VPPA.

### A. The Ninth Circuit Applies an “Ordinary Person” Standard When Deciding if Disclosures Contain PII as Defined by the VPPA

The VPPA prohibits a video tape service provider from “knowingly disclos[ing], to any person, personally identifiable information concerning any consumer of such provider ….” 18 U.S.C. § 2710(b)(1).

To constitute statutorily defined PII, two conditions must be met in the Ninth Circuit. There must be (1) information “which identifies” or readily permits identification of a person as (2) having “requested or obtained specific video materials or services” from a “video tape service provider.” *See* 18 U.S.C. § 2710(a)(3); *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 984 (9th Cir. 2017).

In determining if information is VPPA PII, the Ninth Circuit applies an

"ordinary person" standard: "'personally identifiable information' means only that information that would 'readily permit an ordinary person to identify a specific individual's video-watching behavior.'" *Eichenberger*, 876 F.3d at 985 (citation omitted). Thus, VPPA **"looks to what information a video service provider discloses,** not to what the recipient of that information decides to do with it." *Id.* at 984 (emphasis added). Whether disclosed information is PII does not turn on the "recipient's capabilities" but on how ordinary people understand the information. *Id.*

### B. FitOn's "Disclosures" of Information on the FitOn Platform

Plaintiff alleges FitOn used Meta Pixel to disclose "information which identifies Plaintiff and Class Members as having requested or obtained specific video materials" (D.E. 1, ¶ 103). When a FitOn account holder visits a FitOn Platform page where video access may be requested/obtained, FitOn allegedly shares with Meta "specific video content requested … and a unique individual identifier (the individual's Facebook ID)" (*id.* ¶ 76). To support this claim, Plaintiff provides screenshots of information FitOn purportedly "discloses" to third parties (*id.* ¶¶ 76-80). By example, Complaint Paragraph 76 includes this transmitted data:



| | |
|---|---|
| :authority: | www.facebook.com |
| :method: | GET |
| :path: | /tr/?id=1394702670665430&ev=PageView&dl=https%3A%2F%2Fapp.fitonapp.com%2Fbrowse%2Fworkout%2F22&rl=https%3A%2F%2Ffitonapp.com%2F&if=false&ts=1708629778166&sw=1470&sh=956&v=2.9.147&r=stable&a=tmSimo-GTM-WebTemplate&ec=0&o=4126&fbp=fb.1.1708364817611.814840966&cs_est=true&ler=other&it=1708629778145&coo=false&tm=1&cdl=&exp=e1&rqm=GET |
| :scheme: | https |
| Accept: | image/avif,image/webp,image/apng,image/svg+xml,image/*,*/*;q=0.8 |
| Accept-Encoding: | gzip, deflate, br |
| Accept-Language: | en-US,en;q=0.9 |
| Cookie: | datr=DYMuZazktLp8o8oAT9P4cxi8; sb=cdcuZUvK-hnHOVh7g0mqYD1B; c_user=105425; usida=eyJ2ZXliOjEslmlkljoiQXM0dzUwcTE5azdhNHMiLCJ0aW1lljoxNzAxMjcwODkwfQ%3D%3D; ps_n=0; xs=40%3AlxuerFuDbZg03w%3A2%3A1697568794%3A-1%3A3021%3A%3AAcUWgAAxeTDDnNoT2XAFAmDbR7OYrWBVyLTCYJaToKY; fr=1lm5YDtTUqtJrRoaw.AWVjQzBeC2XME7hfx0Crk9AjLel.Bl072u.Ov.AAA.0.0.Bl072u.AWWXP-HVnc8 |





LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

### C. FitOn's "Disclosures" are Not VPPA PII

The "disclosures" – the information presented in the screenshots – do not readily permit an ordinary person to identify a specific person's specific video watching activity, if any, on the FitOn Platform.

#### i. FitOn's "disclosures" do not readily permit an ordinary person to identify who is visiting FitOn pages.

The screenshots contravene Plaintiff's assertion that the identity of any FitOn user can be derived from FitOn's alleged disclosures.

First, Plaintiff's "identity" averment presupposes each FitOn user has a Meta ID and related profile with that person's identifying information. But to have a Meta ID and profile, a user must have a Meta account. Plaintiff does not allege all, or even a majority of, FitOn users have Meta accounts and profiles. Without a Meta account triggering a c_user cookie and thereby generating a c_user numeric ID sequence, no information is disclosed that an ordinary person can use to identify a person (D.E. 1, ¶ 63) ("For Meta Account holders, 'Pixel-specific data' includes the 'c_user cookie,' which allows Meta to link data to a Meta ID"); (*id.* ¶¶ 62, 64-65).

Second, the information "disclosed," as represented by the screenshots, does not include the words "Facebook ID." Rather, Plaintiff overlays text on the screenshots to identify information containing the ID (D.E. 1, ¶¶ 76, 80). As such, to understand the disclosed information here, an ordinary recipient would have to know that a c_user cookie had been triggered leading to the display of the characters and numeric sequence: "c_user=105425." In turn, the ordinary recipient would need to know (i) "105425" equates to a Facebook ID number, and (ii) how to incorporate the number into the Facebook internet domain via web browser to try to associate it with a "Meta profile" (*id.* ¶ 67) (identify a profile by adding the number to the end of the Facebook domain name). The Complaint fails to aver how an "ordinary person" would know what he/she is observing if presented the hundreds of letters/numbers/symbols "disclosed" by FitOn.

Third, review of the Meta ID captured in the screenshots (105425) contradicts Plaintiff's assertion that "(a)nyone can identify a Meta profile … by appending the Meta ID to the end of https://facebook.com" (D.E. 1, ¶ 67). When the ID "disclosed" here – 105425 – is appended to https://facebook.com, the viewer is not taken to a person's Meta profile, but rather to this webpage:




*See* Declaration of Christopher H. Wood, ¶¶ 2-4 and Exhibit 1.[2] The Meta profile and any related identifying information is inaccessible to the ordinary person.

**ii. FitOn's "disclosures" do not readily permit an ordinary person to identify if video content has been requested or obtained.**

Plaintiff inaccurately asserts anyone can identify from the "disclosures" (i.e., screenshots) the video content, if any, a FitOn user requests or obtains (D.E. 1, ¶¶ 76-80).

[2] The incorporation by reference doctrine permits consideration of Exhibit 1. Plaintiff's case theory relies on the contention that anybody can easily identify a person by using a Facebook ID. The ID number repeatedly used in the Complaint is 105425 (D.E. 1, ¶¶ 76-77, 79-80). The exhibit represents the documentary embodiment of Plaintiff's allegations of identification for 105425.

By example, Plaintiff discusses "workout 22," claiming the applicable screenshot (*id.* ¶ 76) tells a recipient about "the specific video content requested (workout '22')." The claim is incorrect.

The screenshot actually tells a recipient that the information on the subject FitOn Platform page concerns: "%2Fbrowse%2Fworkout%2F22&rl." The word "browse" suggests somebody has opened the page; ***not*** that he/she/they requested or obtained anything from the page, which contains mixed content including a description of a linked video (D.E. 1, ¶ 74). *Cf. Martin v. Meredith Corp.*, 2023 U.S. Dist. LEXIS 27539, *7 (S.D.N.Y. Feb. 17, 2023) (declining to find PII disclosed when webpage contained both video and text such that webpage visitor may have merely reviewed text on the page "or opened the page and done nothing more").

Regardless, the information "disclosed" does not state "workout 22." Instead, it contains a series of symbols and characters in which the word "workout" and number "22" are separately embedded. This is not "natural language" people use but software code transmitted by Meta for its use (D.E. 1, ¶¶ 59-63, 70-71). *See In re Hulu Privacy Litig.*, 86 F. Supp. 3d 1090, 1096-97 (N.D. Cal. 2015) (comparing "natural language" with coded information in assessing whether PII disclosed under VPPA). The code "disclosed" by FitOn is not natural language. It has to be explained before an ordinary person understands what the code is conveying – thus, Plaintiff's written overlays designed to explain that which otherwise would be unintelligible (*id.* ¶ 76) (Plaintiff inserts words: "Specific Video Reference Number"). The *Hulu* court expressed the language distinction this way:

> Consider too the role of natural language. No one would deny that I would violate the VPPA by passing someone an encrypted list of Judge Bork's video rentals — if my recipient and I both understood that we would use a mutually intelligible code. If, instead, I hand someone only a garbled collection of alphanumeric strings (which I alone understand to contain someone's encrypted video-rental history), there is likely no actionable disclosure. For a disclosure to arise in the latter scenario, there generally must be proof of further action by the recipient; they must know that I have used a code and they must at least have the capacity to decode and read the contents.

> At the very least, there must be some mutual understanding that there has been a disclosure. Moving away from natural language, in other words — as we do in this case — requires the recipient to more actively participate to yield a VPPA-actionable "disclosure."

*In re Hulu Privacy Litig.*, 86 F. Supp. 3d at 1096-97.

Plaintiff, other than in conclusory terms and through flawed supposition, does not assert FitOn's "disclosures" are based on a "mutually intelligible code" shared by FitOn and the ordinary person or that the ordinary person has the capacity to decode the information. Instead, Plaintiff contends the "ordinary person" can extract PII from FitOn's "disclosures" because the data includes "specific video content requested (workout '22') and a unique individual identifier (the individual's Facebook ID) … **as shown in the following screenshot**" (D.E. 1, ¶ 76) (emphasis added). But as discussed, *passim*, the information conveyed by the screenshot must be decoded and interpreted before it is intelligible. It does not "readily permit" comprehension by the ordinary person.

And while Plaintiff also claims an ordinary person can use a FitOn URL to identify a FitOn platform page linked to video content, there is no URL included in the "disclosed" information (D.E. 1, ¶¶ 74-75). Plaintiff's screenshots do not convey information as Plaintiff alleges. The relevant screenshot (*id.* ¶ 78) notes the URL as "hide" and the URL itself, app.fitonapp.com/inprogress/22, is buried within other symbols and alphanumeric characters within the screenshot:



Moreover, the URL is not as shown on the FitOn Platform but mixed with interrupting symbols and alphanumeric values that obscure the URL. The actual "disclosure" is: https%3A%2F%Fapp.fitonapp.com%2Finprogress%2F22&rl.

It cannot be reasonably inferred that if FitOn handed an ordinary person the screenshots, the person would know what they were viewing, let alone that the screenshots purportedly conveyed PII as defined by the VPPA.

## V. MEET AND CONFER EFFORTS PURSUANT TO LOCAL RULE 7-3

On June 6, 2024, Defendant's counsel and Plaintiff's counsel met and conferred via telephone regarding this motion pursuant to L.R. 7-3. Counsel thereafter exchanged June 6 and 11, 2024 emails, including Plaintiff's counsel's June 11, 2024 email opposing this motion and agreeing the meet and confer has been sufficient.

## VI. CONCLUSION

For the reasons above, the Court should dismiss the Complaint with prejudice.

DATED: June 19, 2024

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: *_/s/ Andrew J. Chan_*
ANDREW J. CHAN
Attorneys for Defendant FITON INC

**FEDERAL COURT PROOF OF SERVICE**
*Jennifer Endres v. FitOn Inc.*
Case No. 2:24-CV-01589-FMO-PD

STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2185 N. California Blvd, Suite 300, Walnut Creek, CA 94596. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 19, 2024, 2024, I served the following document(s):

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 19, 2024, at Walnut Creek, California.

*/s/ Andrew J. Chan*
Andrew J. Chan

**SERVICE LIST**
*Jennifer Endres v. FitOn Inc.*
Case No. 2:24-CV-01589-FMO-PD

| | |
|---|---|
| Robert G. Loewy, Esq.<br>**LAW OFFICE OF ROBERT LOEWY PC**<br>20 Enterprise, Suite 310<br>Aliso Viejo, CA 92656<br>T: (949) 468-7150 / F: (949) 242-5105<br>rloewy@rloewy.com | Attorneys for Plaintiff,<br>JENNIFER ENDRES |
| Nicholas F. Wasdin, Esq.<br>**Dwoskin Wasdin LLP**<br>110 North Wacker Drive, Suite 2500<br>Chicago, IL 60606<br>T: (312) 343-5361<br>nwasdin@dwowas.com | Attorneys for Plaintiff,<br>JENNIFER ENDRES |
| Jose A. Meneses, Esq.<br>Jeffrey F. Gersh, Esq.<br>**STUBBS ALDERTON AND MARKILES LLP**<br>15260 Ventura Boulevard 20th Floor<br>Sherman Oaks, CA 91403<br>T: (818) 444-4548 / T: (818) 444-9222<br>F: (818) 444-4520<br>jmeneses@stubbsalderton.com<br>jgersh@stubbsalderton.com | Attorneys for Defendant,<br>FITON INC |